944 F.2d 907
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert B. NEWTON, Richard L. Stanton, Fred E. Brubaker, et
al., Plaintiffs-Appellants,
v.
John N. VAN-OTTERLOO, James A. Carr and Maurice Gallaher, et
al., Defendants-Appellees.
 No. 90-2445.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 9, 1991.
Decided Sept. 18, 1991.
 
 Before WOOD, JR., COFFEY and MANION, Circuit Judges.
 
 ORDER
 I.
 
 1
 Appellants Robert B. Newton, Richard L. Stanton, Fred E. Brubaker, and Matthew E. Horvath appeal the district court's denial of a preliminary injunction restoring Mr. Newton to the South Bend Lathe, Inc. Employee Stock Ownership Plan Committee ("Committee"). We dismiss the appeal for mootness.
 
 II.
 
 2
 The South Bend Lathe, Inc. Employee Stock Ownership Plan ("SBL ESOP") was created in 1975 to enable the South Bend Lathe, Inc. ("SBL") employees to buy all the SBL capital stock from Amsted Industries, Inc. In furtherance of this plan, the United States Department of Commerce, through the South Bend, Indiana, Industrial Revolving Fund ("IRF") made a $5,013,500 loan to the SBL Employee Stock Ownership Trust ("ESOT"), which in turn purchased the outstanding SBL stock with the loan proceeds. The ESOT held the stock in trust for the SBL employees and the stock served as collateral for the IRF loan, which the ESOP was obligated to repay, with interest, over 25 years. To enable the ESOP to meet this repayment obligation, SBL agreed to make an annual cash contribution to the ESOP in an amount at least equal to the installment due.
 
 
 3
 The underlying action in this case was brought on December 27, 1989 by four participants in the SBL ESOP, two of whom were members of the ESOP Committee. The action arose under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Plaintiffs below brought the action in their capacities as participants and fiduciaries in the SBL ESOP, alleging multiple violations of ERISA by other plan fiduciaries in connection with the voting of ESOP-held stock in an SBL shareholder election. Defendants included three Appellee members of the Committee and John N. Van Otterloo, the president of SBL. Two of the Appellees who were also members of the Committee--Belting and Vogel--were high-level management employees of SBL (Chief Financial Officer and Personnel Manager, respectively). The third, Appellee Heim, was employed as Vogel's secretary.
 
 
 4
 Two of the plaintiffs, Robert B. Newton and Richard L. Stanton, were also members of the ESOP Committee. Stanton resigned shortly before the lawsuit was filed, reducing the Committee to four members. Newton did not. On February 12, 1990 the SBL Directors removed Newton from the Committee, reducing the Committee membership to three persons. The plaintiffs responded by requesting that the district court grant a preliminary injunction reinstating Newton as a member of the Committee. They argued that Newton's removal violated 29 U.S.C. §§ 1104(a)(1) and 1140 of ERISA. On June 22, 1990, the district court denied the requested injunction. On July 11, 1990, the appellants moved in this court for an injunction pending appeal or, in the alternative, for summary reversal or expedited consideration of the appeal. On August 3, 1990, this court denied the motion for the injunctive relief requested but agreed to expedite the appeal. Only one of the plaintiff's arguments is presented on appeal. Did the plaintiffs make a sufficient showing that the SBL Directors violated their fiduciary duty to the ESOP participants and beneficiaries, in violation of ERISA § 404(a)(1), 29 U.S.C. § 1140, to merit entry of a preliminary injunction?
 
 
 5
 We heard argument on January 9, 1991 solely on the appellant's motion to reverse the district court and order the entry of a preliminary injunction. Two days later, on January 11, 1991, the district court issued an order deciding all the outstanding questions in the pending litigation and reaffirming its denial of the preliminary injunction. The order is published as Newton v. Van Otterloo, 756 F.Supp. 1121 (N.D.Ind.1991). No party has taken an appeal to this court from the decision of the district court. Thus, the district court's granting of the summary judgment has rendered moot the appeal from the denial of the preliminary injunction. See Nutrasweet Co., v. Stadt Corp., 917 F.2d 1024, 1028 (7th Cir.1990) (court denied appeal from preliminary injunction as moot as it affirmed trial court's summary judgment order denying injunction).